# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAKE GRANT, <br><br> Plaintiff, <br><br> v. <br><br> AMBIANCE REFINED INC. d/b/a FLAGSHIP TAVERN AND GRILL, JON MOSSBERGER, individually, BLAKE ITAGAKI, individually, and ROBERT VIZZA, individually, <br><br> Defendants. | |

## COMPLAINT AT LAW

Plaintiff, Jake Grant ("Plaintiff"), by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendants Ambiance Refined Inc. d/b/a Flagship Tavern and Grill, Jon Mossberger, individually, Blake Itagaki, individually, and Robert Vizza, individually, (collectively referred to as "Defendants"), states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA") to recover lost wages, tips, and overtime wages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 29 U.S.C. § 1367.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful practices described herein were primarily committed within Cook County, Illinois.

**PARTIES**

5. Defendant Ambiance Refined Inc. d/b/a Flagship Tavern and Grill ("Flagship") is an Illinois corporation doing business within this judicial district, with its restaurant and bar located at 1622 W. Belmont Ave, Chicago, Cook County, Illinois 60657.

6. Flagship is an "enterprise" as defined in 29 U.S.C. § 203(r)(1).

7. Flagship is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

8. Jon Mossberger is an owner of Flagship. During the relevant time period, Mossberger has served as President, Agent, and Director of Flagship.

9. Mossberger has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Flagship's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

10. Blake Itagaki ("Itagaki") is an owner of Flagship. During the relevant time period, Itagaki has served as Secretary and Director of Flagship.

11. Itagaki has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Flagship's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

12. Robert Vizza ("Vizza") is a current or former owner of Flagship. During the relevant time period, Vizza has served as President and Director of Flagship.

13. Vizza had the authority to, and did, hire and fire employees; direct and supervise the work of employees; sign on Flagship's checking accounts, including payroll accounts; direct payment to employees; and make or participate in decisions regarding employee compensation.

14. Plaintiff Jake Grant ("Grant") is an adult citizen and resident of Cook County, Illinois who worked as a bartender for Defendants from in or about June 2020 through February 2024.

15. During the course of his employment, Grant handled goods that moved in interstate commerce and was not exempt from the maximum hours' provisions of the FLSA, 29 U.S.C. § 207, or IMWL, 820 ILCS 105/4a.

16. At all relevant times, Plaintiff was an "employee" within the meaning of the IWPCA, 820 ILCS 115/2; IMWL, 820 ILCS 105/3(d); and FLSA, 29 U.S.C. §203(e).

17. At all relevant times, Defendant Flagship was an "employer" within the meaning of the IWPCA, 820 ILCS 115/2; IMWL, 820 ILCS 105/3(c); and the FLSA, 29 U.S.C. §203(d).

18. At all relevant times, Defendant Mossberger was an "employer" within the meaning of the IWPCA, 820 ILCS 115/2; IMWL, 820 ILCS 105/3(c); and the FLSA, 29 U.S.C. §203(d).

19. At all relevant times, Defendant Itagaki was an "employer" within the meaning of the IWPCA, 820 ILCS 115/2; IMWL, 820 ILCS 105/3(c); and the FLSA, 29 U.S.C. §203(d).

20. At all relevant times, Defendant Vizza was an "employer" within the meaning of the IWPCA, 820 ILCS 115/2; IMWL, 820 ILCS 105/3(c); and the FLSA, 29 U.S.C. §203(d).

**FACTUAL ALLEGATIONS**

21. Plaintiff worked for Defendants as a bartender beginning in or around June 2020 through February 2024.

22. Defendants agreed to pay Plaintiff at the rate of $16.00 per hour plus tips.

23. At all relevant times, Defendant classified Plaintiff as non-exempt from the overtime requirements from FLSA and IMWL.

24. Defendant directed Plaintiff to work, and Plaintiff routinely did work, in excess of forty hours in given workweeks.

25. Plaintiff regularly worked between 50 and 60 hours per individual workweek.

26. From January 2023 to April 2023, Defendant did not pay Plaintiff his base rate of $16.00 per hour for all hours of work.

27. Defendants also did not compensate Plaintiff at the overtime rate of time-and-one-half his regular rate of pay for the hours that Grant worked in excess of forty (40) per workweek.

28. In or around April 2023, Plaintiff contacted Defendants regarding the unpaid compensation he was owed.

29. From April 2023 through September 2023, Defendants periodically remitted checks in various amounts for what it termed "back pay." However, Defendants failed to compensate Plaintiff for all unpaid wages for his work during the months of January 2023 to April 2023.

30. From April 2023 through September 2023, Defendants did not pay Plaintiff his regular wages for all hours of work or at the overtime rate for all hours he worked in excess of forty per individual workweek.

31. Defendants also did not pay Plaintiff the tips he earned from the dates of August 20, 2023 through November 22, 2023.

32. Defendants failed to compensate Plaintiff at the correct overtime rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours per individual workweek.

33. Defendants knew or should have known about their obligations to adequately compensate its employees for all time worked, including compensation at the overtime rate for hours worked in excess of forty (40) per week.

## COUNT I – IWPCA
### (Unpaid Wages)

34. Plaintiff re-pleads the allegations contained above and incorporates them by reference as if fully stated herein.

35. This Count arises from Defendants' violations of the IWPCA, 820 ILCS 115/1, *et seq.*, for its failure to pay in-full and on-time Plaintiff's agreed-upon wages.

36. Under the IWPCA, an 'agreement' "means the manifestation of mutual assent on the part of two or more persons. An agreement is broader than a contract and an exchange of promises or any exchange is not required for an agreement to be in effect. An agreement may be reached by the parties without the formalities and accompanying legal protections of a contract and may be manifested by words or by any other conduct, such as past practice." 56 Ill. Admin. 300.450.

37. Defendants entered an agreement with Plaintiff to compensate him per hours worked plus tips.

38. Defendants were obligated to pay Plaintiff at least his regular hourly rates for all hours worked.

39. Employers must pay employees all wages earned in a semi-monthly pay period no later than 13 days after the end of the pay period. 820 ILCS 115/4.

40. Defendants did not pay Plaintiff all wages he earned in semi-monthly pay periods during his employment.

41. Pursuant to §115/14 of the IWPCA, Plaintiff is entitled to recover unpaid wages, and damages in the amount of five percent (5%) per month of the amount of under payments for each month following the date of payment which such underpayments remain unpaid.

WHEREFORE, Plaintiff Jake Grant prays for a judgment against Defendants as follows:

a) A judgment in the amount of all unpaid wages owed to Plaintiff pursuant to the IWPCA;

b) Awarding Plaintiff interest pursuant to the IWPCA;

c) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action pursuant to the IWPCA; and

d) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II – IWPCA
### (Unpaid Gratuities)

42. Plaintiff re-pleads the allegations contained above and incorporates them by reference as if fully stated herein.

43. This Count arises from Defendants' violations of the IWPCA, 820 ILCS 115/1, *et seq.*, for its failure to pay Plaintiff his earned gratuities.

44. Under the IWPCA, an 'agreement' "means the manifestation of mutual assent on the part of two or more persons. An agreement is broader than a contract and an exchange of promises or any exchange is not required for an agreement to be in effect. An agreement may be reached by the parties without the formalities and accompanying legal protections of a contract and may be manifested by words or by any other conduct, such as past practice." 56 Ill. Admin. 300.450.

45. Defendants entered an agreement with Plaintiff to compensate him per hours worked plus tips.

46. "Tips" are "gratuities" under the IWPCA. 820 ILCS 115/4.1.

47. Gratuities to employees are the property of the employees, and the employers shall not keep gratuities. Failure to pay gratuities owed to an employee more than 13 days after the end of the pay period in which gratuities were earned is a violation of the IWPCA, 820 ILCS 115/4.1.

48. Defendants did not pay Plaintiff the gratuities he earned during his employment.

49. Pursuant to §115/14 of the IWPCA, Plaintiff is entitled to recover unpaid wages and damages in the amount of five percent (5%) per month of the amount of under payments for each month following the date of payment which such underpayments remain unpaid.

WHEREFORE, Plaintiff Jake Grant prays for a judgment against Defendants as follows:

a) A judgment in the amount of all unpaid gratuities owed to Plaintiff pursuant to the IWPCA;

b) Awarding Plaintiff interest pursuant to the IWPCA;

c) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action pursuant to the IWPCA; and

d) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

### COUNT III – FLSA
### (Unpaid Overtime Wages)

50. Plaintiff re-pleads the allegations contained above and incorporates them by reference as if fully stated herein.

51. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages in-full and on-time to Plaintiff for all time worked in excess of forty (40) hours in an individual work week in the three years prior to Plaintiff's filing this lawsuit.

52. During the three years prior to Plaintiff's filing this lawsuit, Plaintiff performed work for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

53. During the course of his employment by Defendants, Plaintiff was regularly and customarily directed by Defendant to work, and did work, in excess of forty (40) hours in individual work weeks.

54. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to compensation at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

55. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

56. Defendants; failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA. 29 U.S.C. §207.

57. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, which is a willful violation the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

58. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff Jake Grant prays for a judgment against Defendants as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid compensation and overtime compensation for the three years preceding the

filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding Plaintiff liquidated damages in an amount equal to the amount of unpaid and untimely overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action pursuant to the FLSA; and

e) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT IV – IMWL
### (Unpaid Overtime Wages)

59. Plaintiff re-pleads the allegations contained above and incorporates them by reference as if fully stated herein.

60. This Count arises from Defendants' violation of the IMWL, 820 ILCS 105/4 *et seq.*, for the failure to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks during the three years prior to Plaintiff's filing this lawsuit.

61. Within three years prior to Plaintiff's filing this lawsuit, Plaintiff performed work for Defendants within this judicial district. Plaintiff was not exempt from the overtime provisions of the IMWL during the course of his employment with Defendants.

62. Within the three years prior to Plaintiff's filing this lawsuit, Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks.

63. Pursuant to 820 ILCS 105/4(a), Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

64. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

65. Pursuant to 820 ILCS 105/12, Plaintiff is entitled to recover unpaid overtime wages for three years prior to the filing of this suit, plus statutory damages in the amount of five percent (5%) per month, plus treble the amount of any underpayments for wages.

WHEREFORE, Plaintiff Jake Grant prays for a judgment against Defendants as follows:

a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with ILCS 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a), including interest and treble damages;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: June 10, 2024                           Respectfully submitted,

Alexis D. Martin, #6309619                     JAKE GRANT
Whitney Barr, #6340077
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300                By: /s/ *Whitney L. Barr*
Chicago, Illinois 60604                            Attorney for Plaintiff
Tel. (312) 763-6880
*amartin@caffarelli.com*
*wbarr@caffarelli.com*